IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN POGUE, | CIVIL DIVISION |
| Plaintiff, | No. 1:19-CV-219 |
| v. | |
| WALMART STORES EAST, LP, | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes Plaintiff Susan Pogue by and through counsel Robert A. Bracken, Esquire and Bracken Law Firm LLC and files the following Complaint and avers as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Susan Pogue, at all times relevant, was a resident of the Commonwealth of Pennsylvania, with an address of 6826 Williams Road, North East, PA 16428. Presently, Plaintiff resides at 121 Brown Drive, Warner Robins, GA 31093.

2. At all times relevant, Plaintiff was an employee of Defendant.

3. Defendant, Walmart Stores East, LP ("Walmart") is a limited partnership with a principal place of business located at 702 SW 8th Street, Bentonville, AR 72712, which operates stores in Pennsylvania. Plaintiff worked at the Walmart located at 5741 Buffalo Road, Harborcreek, PA 16421.

4. Plaintiff brings this action under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615, to secure full restitution for all lost wages and

benefits, past, present and future, resulting from Defendant's violation of the Family and Medical Leave Act, and for all such other relief as may be appropriate and available.

5. Plaintiff also brings this action under the Americans with Disabilities Act 42 U.S.C. 12101, *et seq.* to secure full restitution of all lost wages and benefits resulting from Defendant's violations of the law, and for such other relief as may be appropriate.

6. On or about May 1, 2019, Plaintiff filed a Charge of Discrimination with the EEOC, which was dual-filed with the Pennsylvania Human Relations Commission.

7. On or about May 8, 2019, Plaintiff received a Notice of Right to Sue from the EEOC. A copy of the Notice is attached as Exhibit 1.

8. Plaintiff has complied with all conditions precedent to filing this Complaint.

9. The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

10. Venue is appropriate in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this Complaint occurred in Erie County, Pennsylvania.

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by Walmart for approximately 10 years and seven months until she was terminated on November 3, 2017.

12. Plaintiff served in the United States Air Force for 11 years, 11 months and 28 days.

13. Plaintiff has been diagnosed with PTSD, attachment disorder, depression and anxiety, which are disabilities.

14. Walmart knew for years during Plaintiff's employment that she suffered with PTSD and anxiety.

15. For years, Plaintiff understood her job performance at Walmart to have been very good; however, in or about September 2017 until the date of her termination, two managers named Stephanie Verdugo and Carla Arnold started nitpicking about her work and said things, such as Plaintiff was too friendly and not watching for theft.

16. The accusations being made against Plaintiff were exaggerated and/or false.

17. On or about September 27, 2017, Plaintiff told Ms. Verdugo and Peggy Bush, who was a co-manager, that she was seeing a counselor.

18. Ms. Verdugo and Ms. Bush said they were glad.

19. However, Ms. Verdugo's and Ms. Arnold's continued nitpicking increased Plaintiff's stress and caused her back pain and cramps.

20. This forced Plaintiff to seek medical treatment and take a few days off work.

21. When Plaintiff returned, she spoke with Ms. Bush regarding her medical condition.

22. Ms. Bush said that Plaintiff should complete FMLA paperwork, which Plaintiff received from Sedgwick Claims Management Services, Inc.

23. The requested start date for Plaintiff's FMLA leave, as listed in the Sedgwick paperwork, was October 29, 2017.

24. A few days later, on November 2, 2017, Ms. Verdugo and Ms. Arnold, who knew that Plaintiff was seeking FMLA leave and treating with a counselor, terminated Plaintiff.

25. During the meeting, Plaintiff attempted to leave, but they would not let her.

26. In fact, Ms. Arnold even locked the door to prevent Plaintiff from leaving which was awful given her known anxiety.

27. Ms. Arnold and Ms. Verdugo insisted that they "were going to have a conversation."

28. Finally, Plaintiff was able to get around Ms. Arnold and unlock the door and leave.

29. Plaintiff has been discriminated and retaliated against, as well as subject to a hostile work environment, in violation of the Americans with Disabilities Act.

30. In addition, Walmart's conduct violated the FMLA.

## COUNT I - VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

31. Plaintiff incorporates by reference herein Paragraphs 1 through 30 of the Complaint as if more fully set forth at length herein.

32. Defendant, at all times relevant hereto, was Plaintiff's "employer," within the meaning of 29 U.S.C. § 2611(4) because Defendant employed more than fifty (50) employees for each working day during each of the twenty (20) or more calendar weeks in each calendar year relevant hereto.

33. Plaintiff, as stated above, was to be an "eligible employee" within the meaning of 29 U.S.C. § 2611(2) because she had been employed with Defendant for

4

more than twelve (12) months prior to being offered medical leave and had worked more than 1250 hours in the twelve (12) months preceding her request.

34. In accordance with 29 U.S.C. § 2612(a)(1), Plaintiff would have been entitled to medical leave resulting from a "serious medical condition," which is defined by 29 U.S.C. § 2611(11), as she was suffering from condition(s) that necessitated continuing treatment by a health care provider.

35. In accordance with 29 U.S.C. § 2615(a)(1), "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

36. In accordance with 29 U.S.C. § 2615(a)(2), "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

37. Defendant, however, interfered with Plaintiff's attempt to exercise her rights under the FMLA and unlawfully discriminated and retaliated against Plaintiff as a result of her attempting to exercise her FMLA rights.

38. Defendant's discriminatory, retaliatory and unlawful conduct violated the FMLA.

39. As a result of Defendants' violations of the Family and Medical Leave Act of 1993, Plaintiff is entitled to all available damages pursuant to 29 U.S.C. § 2617(a)(1) and 29 U.S.C. § 2617(a)(3), including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) liquidated damages; (4) equitable relief including employment, reinstatement and promotion; and (5) attorneys' fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendant in an amount in excess of $75,000 with attorneys' fees and costs assessed and any other relief or damages deemed proper by the Court.

## COUNT II – DISABILITY DISCRIMINATION

40. Plaintiff incorporates by reference herein Paragraphs 1 through 39 of the Complaint as if more fully set forth at length herein.

41. This claim is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

42. At all relevant times, Defendant was an "Employer" as defined in 42 U.S.C. § 12111(5).

43. At all relevant times, Plaintiff was an "Employee" as defined in 42 U.S.C. § 12111(4).

44. Plaintiff suffered from a disability as defined in 42 U.S.C. § 12102(1).

45. Plaintiff suffered from a physical impairment that limited one or more of her life activities as defined in 42 U.S.C. § 12102(2)(a).

46. Plaintiff was otherwise qualified to perform essential functions of her job, with or without reasonable accommodations by Defendant.

47. Plaintiff suffered adverse employment decisions as a result of Defendant's discrimination, including termination.

48. Plaintiff was also subjected to a hostile work environment.

49. Defendant engaged in discriminatory, prohibited conduct when Defendant terminated Plaintiff.

50. Defendant's conduct violated 42 U.S.C. § 12112(a), (b)(1), (b)(3) and (b)(4).

51. As a direct and proximate result of Defendant's unlawful, willful, deliberate discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

52. As a result of Defendant's discriminatory conduct, Plaintiff is entitled to all available damages pursuant to the Americans with Disabilities Act, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendant in an amount in excess of $75,000 with attorneys' fees and costs assessed, and any other relief or damages deemed proper by the Court.

## COUNT III - UNLAWFUL RETALIATION

53. Plaintiff incorporates by reference herein Paragraphs 1 through 52 of the Complaint as if more fully set forth at length herein.

54. Defendant's conduct described above and herein constitutes retaliation, in violation of the law, including the Americans with Disabilities Act and the Family and Medical Leave Act.

55. Defendant's retaliation against Plaintiff was based on her request for leave.

56. As a direct and proximate result of Defendant's unlawful, willful, deliberate retaliation against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

57. As a result of Defendant's retaliatory conduct, Plaintiff is entitled to all available damages, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief including employment, reinstatement and promotion; (4) attorneys' fees and costs; and (5) punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendants in an amount in excess of $75,000 with attorneys' fees and costs assessed, and any other relief or damages deemed proper by the Court.

## COUNT VII
### Violations of the Pennsylvania Human Relations Act
*Plaintiff v. All Defendants*

58. Plaintiff incorporates Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. Plaintiff brings this action under the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. against all defendants as a result of the sexual harassment, gender discrimination, hostile work environment and retaliation described throughout this complaint, to secure full restitution of all wages and benefits resulting from Defendant's violation of the provision of the Pennsylvania Human Relations Act and for such other and further relief as may be appropriate.

60. Jurisdiction of this action is based on the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

61. Plaintiff's filings with the EEOC constituted an initiation of proceedings with the Pennsylvania Human Relations Commission pursuant to and by operation of the work sharing agreement between the EEOC and that agency.

62. As a direct and proximate result of Defendants' unlawful, willful, deliberate discrimination and retaliation against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss of wages and loss of benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

63. As a direct and proximate result of Defendant's unlawful, willful and deliberate discrimination and retaliation against Plaintiff, Plaintiff suffered from physical problems including emotional distress and anxiety.

64. As a result of Defendant's discriminatory and retaliatory conduct and hostile work environment, Plaintiff is entitled to all available damages, including but not limited to damages for the following: (1) all available compensatory damages; (2) economic and non-economic losses; (3) equitable relief; and (4) attorneys' fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment be rendered in her favor and against Defendant in an amount in excess of $75,000 with attorneys' fees and costs assessed, and any other relief or damages deemed proper by the Court.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**BRACKEN LAW FIRM LLC**

By _____
Robert A. Bracken, Esq.
PA ID No. 206095
BNY Mellon Center
500 Grant St., Suite 2900
Pittsburgh, PA 15219
Tel. (412) 278-7402
Fax (412) 533-7030

*Counsel for Plaintiff*